UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT DUNN, | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | C.A. No.: **3:26-cv-195** |
| | : | |
| RISK COGNIZANCE, LLC, | : | |
| JEFFREY WALKER, in his | : | |
| Individual Capacity, AND | : | |
| FREDERICK LAIST, in his Individual | : | |
| Capacity, | : | |
| | : | |
| *Defendants.* | : | |
| | : | **FEBRUARY 6, 2026** |

## COMPLAINT

### I.  PRELIMINARY STATEMENT

1. This action seeks declaratory and equitable relief, monetary relief and statutory damages, costs and attorney's fees for the damages sustained by the Plaintiff as a result of the Defendants' interference with the rights guaranteed to the Plaintiff by the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, as well as the Connecticut's Wage Statutes, Conn. Gen. Stat. §§ 31-60 *et seq.,* 31-70 *et seq.* and 31-71e *et seq.*

### II. JURISDICTION

2. This Court's original jurisdiction is invoked pursuant to 28 U.S.C. § 1331 *et seq.* (the "Federal Question" Statute) and 29 U.S.C. § 216(b) which authorizes "[a]n action to recover … against any employer … in any Federal court of competent jurisdiction by any one or more employees…").

1

3. This Court has supplemental jurisdiction over the remaining State law claims pursuant to 28 U.S.C. § 1367.

4. Damages are sought pursuant to 28 U.S.C. 216(b) and Connecticut General Statute § 31-72 *et seq*.

5. Costs and attorney's fees may be awarded pursuant to 28 U.S.C. 216(b) and Connecticut General Statute § 31-72.

### III. VENUE

6. This action properly lies in the United States District Court for the District of Connecticut because the claim arose in this judicial district.

### IV. PARTIES

7. The Plaintiff is a citizen of the United States and resides in Darien, Connecticut.

8. The Corporate Defendant, Risk Cognizance, LLC ("Risk Cognizance"), is a private limited liability corporation organized under the laws of the State of New York with a primary business address of 1250 Broadway, 36th Floor, New York, New York.

9. Jeffrey Walker is a United States citizen with a home address of 1250 Broadway, 35th Floor, New York, New York and is brought into this matter because of his direct actions while serving as Chief Executive Officer of Risk Cognizance.

10. Frederick Laist is a United States citizen with a home address of 40 Hillside Avenue, Stamford, Connecticut and is brought into this matter because of his direct actions while serving as Chief Financial Officer of Risk Cognizance.

V.   **STATEMENT OF FACTS**

   A. **General Background of Risk Cognizance**

11.   Risk Cognizance develops and markets cyber security and compliance solutions products.

12.   Specifically, Risk Cognizance offers its customers access to its internet-based monitoring platform ("platform").

13.   The platform is designed to monitor the customer's computer network, perform risk assessments, assess threats to the network including sensitive information contained therein, and assess compliance with Federal, State and local laws, rules and regulations.

14.   In exchange for access to the platform, Risk Cognizance charges its customers a monthly fee which varies based on the type of service(s) and level of monitoring each individual customer requires.

15.   Risk Cognizance's customer base and its customer solicitation efforts expand across most of the continental United States and internationally to several foreign countries.

16.   Risk Cognizance, through its solicitation and sales efforts, have solicited and accepted customers from several U.S. States and foreign countries, including, but not limited to, California, Indiana, Florida, New York and India.

17.   Since the platform is internet-based, customers of Risk Cognizance are able to access the platform from anywhere in the World, including their State and Country of origin.

18. At all times relevant to this Complaint, Risk Cognizance has employed several salespersons located both within the Continental United States and other countries, including, but not limited to, England and Jamaica.

19. Risk Cognizance grosses $500,000 or more in revenue on a yearly basis.

20. As such, Risk Cognizance is engaging in "commerce" as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(b).

21. Risk Cognizance is an "employer" as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d).

22. Additionally, Risk Cognizance is also an "employer" as defined by Connecticut General Statutes §§ 31-58(d) & 31-71a(1).

    B. **General Background of the Individually-Named Defendants**

23. At all times relevant to this Complaint, Walker serves as Risk Cognizance's Chief Executive Officer.

24. As Chief Executive Officer of Risk Cognizance, Walker's job duties include, but are not limited to, setting hours of operation, setting employee work hours, making key personnel and financial decisions, determining how much employees (including Plaintiff) would be paid, *if* they would be paid, and otherwise exercise ultimate authority over Risk Cognizance.

25. As such, Walker is an "employer" in accordance with the Fair Labor Standards Act, 29 U.S.C. § 203(d).

26. Walker is also an "employer" in accordance with Connecticut General Statute § 31-71a(1) which "encompasses an individual who possesses the ultimate authority and control within a corporate employer to set the hours of employment and pay

wages and therefore is the specific or exclusive cause of improperly failing to do so." *See Velasquez v. U.S. 1 Farm Mkt., Inc.*, No. 3:13-cv-00634-GWC, 2016 U.S. Dist. LEXIS 59536, at *34 (D. Conn. May 3, 2016) (quoting *Butler ex rel. Skidmore v. Hartford Tech. Inst., Inc.*, 243 Conn. 454, 704 A.2d 222, 227 (1997)).

27. At all times relevant to this Complaint, Laist serves as Chief Financial Officer for Risk Cognizance.

28. As Chief Financial Officer, Laist's job duties include setting hours of operation, setting employee work hours, making key personnel and financial decisions, determining how much employees (including Plaintiff) would be paid, *if* they would be paid, and otherwise exercise ultimate authority over Risk Cognizance.

29. As such, Laist is an "employer" in accordance with the Fair Labor Standards Act, 29 U.S.C. § 203(d).

30. Laist is also an "employer" in accordance with Connecticut General Statute § 31-71a(1) which "encompasses an individual who possesses the ultimate authority and control within a corporate employer to set the hours of employment and pay wages and therefore is the specific or exclusive cause of improperly failing to do so." *See Velasquez v. U.S. 1 Farm Mkt., Inc.*, No. 3:13-cv-00634-GWC, 2016 U.S. Dist. LEXIS 59536, at *34 (D. Conn. May 3, 2016) (quoting *Butler ex rel. Skidmore v. Hartford Tech. Inst., Inc.*, 243 Conn. 454, 704 A.2d 222, 227 (1997)).

**FIRST CAUSE OF ACTION: FAIR LABOR STANDARDS ACT VIOLATION, 29 U.S.C. § 206 (As to All Defendants)**.

31. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

32. Plaintiff was hired by Defendants on or about July 8, 2025.

33. Plaintiff was hired by Defendants as an Account Executive.

34. Plaintiff's job duties and responsibilities as an Account Executive included, but were not limited to, selling the aforementioned platform subscriptions to Risk Cognizance's customers.

35. Defendants controlled the means and methods of Plaintiff's work during his employment.

36. The control exercised by Defendants over Plaintiff's work included, but was not limited to, the following:

    a. Defendants provided Plaintiff with a corporate business card which identified him as an "Account Executive" for Risk Cognizance;

    b. Defendants generated leads for Plaintiff and then submitted those leads to Plaintiff for follow-up and potential sales opportunities;

    c. With respect to leads, Defendants would designate certain leads as high priority and Plaintiff would be required adjust his sales activities accordingly;

    d. Defendants required Plaintiff to maintain constant communication with them on the progress of his sales efforts based on the leads provided by Defendants;

    e. Defendants provided Plaintiff with a company e-mail address and required him to use that address when communicating with customers;

    f. Defendants provided Plaintiff with access to its electronic programs (such as Microsoft Office, Teams, Docusign and Hub-spot) and required him to utilize those programs to perform his job;

    g. Although Defendants do maintain collaborative office space in New York, most if not all of Defendants' employees, including Plaintiff, were permitted to work from their own home;

    h. Plaintiff has been required to attend training sessions provided by Defendants, including having to travel to Defendant Laist's home office in Stamford, Connecticut to participate in said trainings;

  i. On more than one occasion, Defendant Laist has attended company-related meetings with Plaintiff at Plaintiff's home office in Darien;

  j. Plaintiff was required to attend mandatory meetings with Defendants; and

  k. Plaintiff was required to abide by Defendants' employee rules, regulations and policies.

37. Based on Defendants' control over the means and methods of Plaintiff's work as described *supra*, Plaintiff was an employee as defined by both the aforementioned Fair Labor Standards Act and Connecticut State law.

38. As an employee, Plaintiff is entitled to receive at least minimum wage which is defined by both the Fair Labor Standards Act, the U.S. Department of Labor, Connecticut State law and Connecticut Department of Labor Regulations.

39. As stated *supra*, Plaintiff commenced his employment with Defendants on July 8, 2025.

40. From the commencement of his employment until December 5, 2025, Plaintiff performed services for Defendants commensurate with his job title and position.

41. From the commencement of his employment until December 5, 2025, Plaintiff complied with and conformed to each request and requirement placed upon him by Defendants in the execution of his job duties.

42. From the commencement of his employment until December 5, 2025, Plaintiff worked at least 40 hours, if not more, per week for Defendants.

43. Based on a 40 hour work week, from July 8, 2025 to December 5, 2025, Plaintiff worked at least 856 hours for Defendants.

44. Plaintiff, on occasion, worked more than 40 hours per week, thus entitling him to receive wages equal to time-and-a-half the minimum wage amount.

45. The applicable minimum wage rate as set forth in the Fair Labor Standards Act, 29 U.S.C. 206(a)(1)(C), is $7.25 per hour.

46. Despite this, from July 8, 2025 to December 5, 2025, Defendants never paid Plaintiff *any* wages, minimum or otherwise, for the hours that he worked.

47. On December 3, 2025, Plaintiff, by and through his legal representative, sent written notification to Defendants claiming that they were violating the law by failing and/or refusing to pay him an hourly wage.

48. Approximately two days later, on December 5, 2025, Defendants terminated Plaintiff's employment.

49. As stated *supra,* Defendants are employers in accordance with the Fair Labor Standards Act, 29 U.S.C. § 203(d).

50. Defendants engage in commerce as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(b).

51. At all relevant times, the minimum wage rate as provided by the Fair Labor Standards Act is $7.25 per hour.

52. As such, Defendants were required to pay Plaintiff no less than $7.25 per hour of work.

53. As such, Defendants were required to pay Plaintiff at a rate of time-and-a-half for each hour worked by Plaintiff over the standard forty-hour workweek.

54. As stated *supra*, despite their legal obligation to do so, Defendants have failed or refused to pay Plaintiff *any wages* from July 8, 2025 to December 5, 2025.

55. Defendants have violated the Fair Labor Standards Act by failing and/or refusing to pay Plaintiff the legally-required minimum wage for every hour worked by Plaintiff.

56. Plaintiff has been harmed as a direct and proximate result of Defendants' intentional actions.

**SECOND CAUSE OF ACTION: CONNECTICUT WAGE AND HOUR LAW VIOLATION, Connecticut General Statute § 31-71e (As to all Defendants).**

57. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

58. As stated *supra*, Plaintiff worked for Defendants from July 8, 2025 until December 5, 2025.

59. Per Connecticut State law, Plaintiff was entitled to be paid at least $16.35 per hour of work as minimum wage between July 8, 2025 and December 5, 2025.

60. Per Connecticut State law, Plaintiff was entitled to be paid at an hourly rate of time-and-a-half the minimum wage for every hour Plaintiff worked beyond the standard 40 hour workweek.

61. As stated *supra*, despite being an employee and accepting the benefit of his services, Defendants failed and/or refused to pay Plaintiff any wages at all.

62. "No employer may withhold or divert any portion of an employee's wages unless (1) the employer is required or empowered to do so by state or federal law, or (2) the employer has written authorization from the employee for deductions on a form approved by the commissioner…" (Conn. Gen. Stat. § 31-71e)

63. Plaintiff never agreed in writing to permit Defendants to withhold any portion of his wages.

64. Normal deductions and withholdings for tax purposes aside, there is no state or federal law which require Defendants to withhold all portions of Plaintiff's wages.

65. As a result, Defendants has violated Connecticut General Statute § 31-71e by improperly, and without legal authorization, withholding Plaintiff's wages.

66. Plaintiff hereby invokes Connecticut General Statute § 31-72 seeking an order compensating Plaintiff for damages he has sustained as a direct and proximate result of Defendants' violation of Connecticut General Statute § 31-71e.

67. Plaintiff further invokes Connecticut General Statute § 31-72 seeking an order awarding "twice the full amount of such wages" in the event Defendants cannot establish "that [Defendants] had a good faith belief that the underpayment of wages was in compliance with the law…" (Conn. Gen. Stat. § 31-72(1)-(2)).

68. Plaintiff further invokes Connecticut General Statute § 31-72 seeking an order awarding Plaintiff "costs and such reasonable attorney's fees as may be allowed by the court…"

**THIRD CAUSE OF ACTION: UNLAWFUL TERMINATION FROM EMPLOYMENT, 29 U.S.C. § 218c**

69. The Plaintiff incorporates all preceding paragraphs as if re-alleged here.

70. As stated *supra*, per the Fair Labor Standards Act, Defendants were required to pay Plaintiff at least a minimum wage of $7.25 per hour worked from July 8, 2025 to December 5, 2025.

71. As stated *supra*, per the Fair Labor Standards Act, Plaintiff was entitled to be paid at an hourly rate of time-and-a-half the minimum wage for every hour Plaintiff worked beyond the standard 40 hour workweek.

72. As stated *supra*, despite being an employee and accepting the benefit of his services, Defendants failed and/or refused to pay Plaintiff any wages at all.

73. As stated *supra*, On December 3, 2025, Plaintiff sent written notification to Defendants in which Plaintiff complained about not receiving any wages from Defendants since the commencement of his employment and that he believed Defendants were violating the applicable wage and hour laws.

74. Approximately two days later, on December 5, 2025, Defendants terminated Plaintiff's employment.

75. Defendants had no legitimate reason to terminate Plaintiff's employment two days after he submitted his complaint.

76. The Fair Labor Standards Act prohibits an employer from discharging an employee because he or she has complained about a violation. See 29 U.S.C. § 218c *et seq.*

77. The termination of Plaintiff's employment was in retaliation for Plaintiff submitting his complaint about not being properly paid for the hours he worked as required by law.

78. By terminating Plaintiff's employment in such a retaliatory manner, Defendants have violated the Fair Labor Standards Act, 29 U.S.C. § 218c *et seq.*

79. Plaintiff has been directly and proximately harmed as a result of Defendants' intentional conduct.

VI.     **PRAYER FOR RELIEF**

    WHEREFORE, the Plaintiff prays that this Court:

(1) declare that the Defendants are employers pursuant to the Fair Labor Standards Act;

(2) declare that Plaintiff is an employee pursuant to the Fair Labor Standards Act;

(3) declare that the Defendants are employers pursuant to Connecticut State Law;

(4) declare that Plaintiff is an employee pursuant to the Connecticut law;

(5) declare that Defendants' actions of withholding Plaintiff's hourly wages violates the Fair Labor Standards Act and Connecticut State Law;

(6) order Defendants jointly and severally to pay Plaintiff damages pursuant to 29 U.S.C. § 216 *et* seq. and Connecticut General Statute § 31-72;

(7) order Defendants jointly and severally to pay Plaintiff overtime wage damages pursuant to 29 U.S.C. § 216 *et seq*. and Connecticut General Statute § 31-72;

(8) order Defendants jointly and severally to pay Plaintiff liquidate and statutory damages pursuant to 29 U.S.C. § 216 *et* seq.

(9) order Defendants jointly and severally to pay Plaintiff "twice the full amount of such wages" in damages pursuant to Connecticut General Statute § 31-72;

(10)    order the Defendants jointly and severally to pay reasonable attorney's fees and costs as set forth in 29 U.S.C. § 216 *et seq*.

(11)    order Defendants jointly and severally to pay Plaintiff "costs and such reasonable attorney's fees" pursuant to Connecticut General Statute § 31-72;

(12)    order Defendants jointly and severally to pay Plaintiff any and all statutory interest;

(13)    retain jurisdiction of this action to ensure full compliance;

(14)    order any and all other equitable relief sought in this Complaint;

(15)    grant such other legal or equitable relief to Plaintiff as the Court deems just and proper.

        Respectfully submitted by,
        Plaintiff,
        By and through his attorney,


        */s/  Daniel T. Angelone*
        Daniel T. Angelone (# 431232)
        Angelone Law Offices, L.L.C.
        799 Silver Lane
        2nd Floor
        Trumbull, CT  06611
        203-378-2979
        203-375-5003 (fax)
        daniel@angelonelaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ROBERT DUNN,** | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | C.A. No.: **3:26-cv-195** |
| | : | |
| **RISK COGNIZANCE, LLC,** | : | |
| **JEFFREY WALKER, in his** | : | |
| **Individual Capacity, AND** | : | |
| **FREDERICK LAIST, in his Individual** | : | |
| **Capacity,** | : | |
| | : | |
| | : | |
| *Defendants.* | : | |
| | : | **FEBRUARY 6, 2026** |

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

                                          Respectfully submitted by,
                                          Plaintiff,
                                          By and through his attorney,

                                          */s/  Daniel T. Angelone*
                                          Daniel T. Angelone (# CT29307)
                                          Angelone Law Offices, L.L.C.
                                          799 Silver Lane
                                          2nd Floor
                                          Trumbull, CT  06611
                                          203-378-2979
                                          203-375-5003 (fax)
                                          daniel@angelonelaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | : | |
|---|---|---|
| **ROBERT DUNN,** | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | C.A. No.: **3:26-cv-195** |
| | : | |
| **RISK COGNIZANCE, LLC,** | : | |
| **JEFFREY WALKER, in his** | : | |
| **Individual Capacity, AND** | : | |
| **FREDERICK LAIST, in his Individual** | : | |
| **Capacity,** | : | |
| | : | |
| | : | |
| *Defendants.* | : | |
| | : | **FEBRUARY 6, 2026** |

**JURISDICTIONAL AMOUNT SUFFICIENT**

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

Respectfully submitted by,
Plaintiff,
By and through his attorney,

/s/ Daniel T. Angelone
Daniel T. Angelone (# CT29307)
Angelone Law Offices, L.L.C.
799 Silver Lane
2nd Floor
Trumbull, CT 06611
203-378-2979
203-375-5003 (fax)
daniel@angelonelaw.com
